NOT DESIGNATED FOR PUBLICATION

No. 129,366

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ROGER EUGENE FIREBAUGH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Bourbon District Court; SARAH E. STEWART, judge. Submitted without oral argument. Opinion filed July 31, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., ATCHESON, J., and MICHAEL B. BUSER, retired Court of Appeals Judge, assigned.

PER CURIAM: Defendant Roger Eugene Firebaugh appeals the order of the Bourbon County District Court revoking his probation in two cases and requiring he serve the underlying sentences concurrently rather than consecutively as originally imposed. We granted Firebaugh's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). Upon review, we find the district court did not abuse its discretion, so we affirm the revocation order and the modification of the sentences.

In case 23CR101, Firebaugh pleaded no contest to the unlawful distribution of a controlled substance. The district court imposed a 72-month prison sentence and placed

1

him on probation for 36 months, reflecting a dispositional departure from presumptive imprisonment under the sentencing guidelines to probation. In March 2024, Firebaugh stipulated to a probation violation, and the district court imposed an intermediate sanction and continued his probation.

In case 23CR221, Firebaugh was charged with failing to comply with the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. He pleaded no contest to the charge in March 2024. The district court ordered Firebaugh to serve a 36-month prison sentence consecutive to the sentence in 23CR101 and placed him on probation for 24 months. That reflected a dispositional departure to probation in 23CR221. Based on his plea and conviction in 23CR221, Firebaugh stipulated to again violating his probation in 23CR101. The district court again continued his probation in that case with an intermediate sanction.

In February 2025, the State filed identical motions in both cases to revoke Firebaugh's probation on the grounds he failed to pay costs, repeatedly failed to inform his probation officer of changes in his residential address, and associated with persons on court supervision or who had engaged in illegal activities. The district court held an evidentiary hearing on two days in March and June 2025, and found the State had proved violations for failing to report the address changes and for associating with persons on supervision or engaged in illegal activities. The district court observed that Firebaugh had been given several chances to succeed but continued to violate the conditions of his probation. The district court concluded Firebaugh's ongoing misbehavior warranted revocation of his probation in both cases. But the district court ordered that Firebaugh serve the sentences in 23CR101 and 23CR221 concurrently rather than consecutively. Firebaugh has appealed.

A district court's decision to revoke probation entails two steps: (1) A factual determination, supported by a preponderance of the evidence, that the probationer has

2

violated one or more conditions of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance of evidence standard governs proof of probation violation). Here, the district court found the State met its burden to prove Firebaugh violated conditions of his probation. On appeal, Firebaugh does not contest the district court's finding.

We review a district court's decision on how best to address an established probation violation for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable; rests on a substantive error of law; or entails a material mistake of fact. 315 Kan. at 328. Firebaugh carries the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

District courts do not have wholly unfettered authority in dealing with proved probation violators. Under K.S.A. 22-3716(c), a district court typically should impose an intermediate sanction of two or three days in jail for an initial set of probation violations, especially if they are comparatively minor. The district court may bypass those sanctions for specific statutory reasons: (1) the defendant received a departure sentence to probation; (2) the defendant violated his probation by committing a felony or misdemeanor during the probationary period; (3) the defendant absconded; or (4) upon a particularized finding that the public safety or the defendant's welfare would not be served by the sanction. K.S.A. 22-3716(c)(7)(A)-(D). In 23CR101, the district court had the authority to revoke Firebaugh's probation both because he received intermediate sanctions for earlier violations and because he received a dispositional departure to probation in the first place. In 23CR221, the district court had the authority to revoke Firebaugh's probation because he received a dispositional departure.

3

Firebaugh does not dispute that the district court had legal bases to revoke his probation in both cases. Nor does he contend the district court misunderstood the factual circumstances. Rather, Firebaugh argues that because alternatives to prison were available, the district court abused its judicial discretion in ordering him to serve the modified sentences. In effect, Firebaugh says no other district court would have come to that conclusion in comparable circumstances. We are unpersuaded. Given Firebaugh's repeated probation violations and the apparent ineffectiveness of intermediate sanctions in securing his compliance, we recognize that other district courts would have come to the same conclusion and some of them would not have modified the original sentences to Firebaugh's benefit.

Affirmed.